HECTOR DURANTE AND TONY BLASI
v.
STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

FEES AND SALARIES—*when State employee not entitled to salary.* An employee of the State who has been suspended cannot recover from the State the salary of the office he held where such salary has been paid to an occupant of the office during the period of suspension.

DE JURE AND DE FACTO OFFICER—*who entitled to salary.* A *De Jure* officer, or employee, who has been for a time wrongfully prevented from discharging the duties of his office cannot recover from the State the salary for such time when it has been paid to the *De Facto* officer, or employee, who has discharged the duties of the position during the period of time the *De Jure* officer was prevented from discharging them. (*The People* v. *Burdett,* 283 Ill. 124.)

Edward J. Brundage, Attorney General, for State.

As the facts in these two cases are the same, and the briefs and abstracts filed cover both cases, they are both disposed of in one opinion.

The claimants, Hector Durante and Tony Blasi, were employed in the office of private employment agencies of the State of Illinois as inspectors of private employment agencies, and were under the Civil Service Act. They were suspended by the chief inspector of private employment agencies October 27, 1913, and charges filed against them October 28, 1913. The salary of each of the claimants was $125.00 per month. There was a considerable delay in hearing the charges by the Civil Service Commission, but a hearing was finally had, and on January 16, 1917, Durante and Blasi were ordered re-instated but without pay from the time of their suspension to the time they were re-instated. The reason given in the order of the Civil Service Commission why they should receive no pay for the time they were suspended was that the delay in hearing the charges was due to technical objections of claimants and their unwarranted action in securing a writ of prohibition to prevent the president of the commission from hearing the charges, which required an appeal to the Appellate Court to set aside the action of the Court granting the writ. The order recites that under the circumstances it would be unjust to allow claimants pay for the time they rendered no service to the State. Since January 16, 1917, claimants have been in the discharge of the duties of their respective positions and receiving the salary therefor. During the time claimants were suspended, the duties of their positions were performed by other persons under temporary writs issued by the Civil Service Commission, who were paid the salaries allowed employees in said po-

sitions. The claimants filed separate petitions for writs of mandamus in the Superior Court of Cook County to compel the Civil Service Commission, and the chief inspector of private employment agencies of the State of Illinois to certify and approve pay-rolls for their salaries during the time they were suspended, and also commanding the State Auditor to issue warrants therefor and the State Treasurer to pay said warrants. The Superior Court held that Durante was entitled to the full salary during the time of his suspension ($4,708.33) and that Blasi was entitled to pay for the full time he was suspented, less $1,-602.76 earned and received by him during that period while employed as watchman in the office of the State Treasurer, and writs of mandamus were awarded as prayed. From this judgment, the Civil Service Commission appealed to the Supreme Court of Illinois. On deciding this appeal, in the case of the *People* v. *Burdett,* 283 Ill., page 124, the Supreme Court held that the claimants could not recover from the State the salary for such time as it had been paid to an occupant of the office who discharged the duties of the position during the period of time claimants were prevented from discharging them. We quote from the Supreme Court decision as follows: "A de jure officer or employee who has been for a time wrongfully prevented from discharging the duties of his office, cannot recover from the State the salary for such time when it has been paid to a de facto officer who has discharged the duties of the position during the period of time the de jure officer was prevented from discharging them."

This question was also passed upon by the Supreme Court in case of the *People* v. *Schmidt,* 281 Ill., page 211. This rule of law is founded in public policy, and protects the State or other governmental agency from liability for the payment of a double salary for the same office or employment.

The decision of the Supreme Court, had upon the merits of the case, where claimants were seeking to recover their salaries the same as they are in this proceeding, is binding upon this Court.

Both of these claims are therefore rejected.